IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHERYL-SUE MARSHALL; KELLY ELAINE FERREIRA; JAIME LEE FERREIRA; AND DAVID-WYNN MILLER,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CITIMORTGAGE, INC.,<br><br>          Defendants. | CIV. NO. 12-00562 SOM/RLP<br><br>ORDER DISMISSING PLAINTIFFS' COMPLAINT WITHOUT LEAVE TO AMEND |

ORDER DISMISSING PLAINTIFFS' COMPLAINT WITHOUT LEAVE TO AMEND

On October 22, 2012, *pro se* Plaintiffs Cheryl-Sue Marshall, Kelly Elaine Ferreira, Jaime Lee Ferreira, and David-Wynn Miller[1] ("Plaintiffs") filed their "Quo-Warranto-Complaint &: Lis-Pendens" and paid a filing fee of $350.00.

This Complaint is only one of many filed by David-Wynn Miller in this court (as well as many other federal courts). Like his other filings, the Complaint consists of a collection of disjointed words, symbols, letters, and phrases and is completely unintelligible. As a result, those of Miller's other complaints that have been the subject of court rulings have been dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure 8 and/or Rule 12(b)(6). *See, e.g., Castillon v. GMAC*

---

[1] The Complaint refers to David-Wynn Miller as a federal judge, although he is not a judge of any United States tribunal. Miller is cautioned not to make false representations.

*Mortg. Corp.*, Civ. No. 12-00568 JMS-BMK; *Lacabanne, v. GMAC Mortg., LLC.*, Civ. No. 12-00060 SOM/BMK; *Paet v. Argent Mortg. Co.*, Civ. No. 12-00048 SOM/BMK; *Kaihana v. Dist. Ct. of the First Circuit, Waianae*, Civ. No. 12-00041 HG/BMK; *Chau v. BNC Mortg. Inc.*, Civ. No. 11-00656 SOM/BMK; *Miller v. Argent Mortg. Co.*, Civ. No. 11-00649 LEK/BMK; *Bailey v. BAC Home Loan Servicing, LP*, Civ. No. 11-00648 LEK/BMK.  The Complaint in this action must be dismissed for the same reasons--it is unintelligible and frivolous on its face.  Indeed this court has just filed an Order Directing David Wynn Miller To Show Cause Why He Should Not Be Required To Obtain Leave of Court Before Filing Any New Action.

The court may dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure on its own motion.  *See Omar v. Lea-Lane Serv., Inc.* 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. U.S. Parole Comm'n,* 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice if the plaintiff could not prevail on the complaint as alleged).  In fact, faced with a

complaint that is "obviously frivolous," a court must wonder whether it has subject matter jurisdiction and whether it should dismiss *sua sponte* before service of process.  *See Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Branson v Nott*, 62 F.3d 287, 291 (9th Cr. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction").

Because Plaintiffs are appearing *pro se*, the court construes their pleading liberally.  See *Edlridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag .v MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).  Even liberally construed, the Complaint makes no sense, and the court is unable to discern what claims Plaintiffs are asserting and against whom those claims are asserted.  The Complaint is a collection of garbled phrases that do not offer even a hint as to what Plaintiffs are complaining about.  And although the Complaint appears to be referring to federal civil and criminal statutes, it includes no facts providing any basis for a claim.  This court is at a loss as to what is at issue in this action, and the incoherence

appears to be deliberate.  Dismissal of Plaintiffs' Complaint without notice is proper.  *See Omar*, 813 F.2d at 991 ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief.").[2]

   This dismissal is WITHOUT leave to amend because it is apparent from the Complaint as well as Plaintiff David-Wynn Miller's numerous other filings in this court that this action has been filed in bad faith, and that granting leave to amend would be futile.  *See W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include bad faith and futility).  If Plaintiffs other than Miller wish, they may file another complaint asserting cognizable claims as a separate action and may apply for a waiver of the new filing fee.  Any new action that includes Miller may, however, be governed by the outcome of the pending Order Directing David Wynn Miller To Show Cause Why He Should Not Be Required To Obtain Leave of Court Before Filing Any New Action.

---

   [2] Notice is required prior to dismissal if a plaintiff's complaint as drafted could possibly provide him relief.  *See Omar v. Sea-Lane Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, . . . but the court must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" (citation omitted)).  That is not the case here.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 17, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Cheryl-Sue Marshall, et al. v. CitiMortgage, Inc.; Civ. No. 12-00562 SOM/RLP, ORDER DISMISSING PLAINTIFFS' COMPLAINT WITHOUT LEAVE TO AMEND

5